# In the United States Court of Federal Claims

No. 09-239C

(Filed September 10, 2009)

```
* * * * * * * * * * * * * * * * * * * * * * * * * *
DAWN HALL,                                          *
                                                    *  RCFC 12(b)(1),
            Plaintiff,                              *  Jurisdiction over claims
                                                    *  for back pay and rein-
      v.                                            *  statement, Civil Service
                                                    *  Reform Act, leave for
THE UNITED STATES,                                  *  jury duty, 5 U.S.C.
                                                    *  § 6322 (2006).
            Defendant.                              *
* * * * * * * * * * * * * * * * * * * * * * * * * *
```

*Richard A. Regnier*, Camarillo, CA, attorney of record for Plaintiff, and *Georgianna Regnier*.

*Elizabeth Anne Speck*, Department of Justice, Washington D.C., with whom was *Assistant Attorney General Tony West*, for Defendant. *Jeanne E. Davidson*, Director, and *Franklin E. White, Jr.*, Assistant Director.

## OPINION & ORDER

*Futey,* **Judge.**

This matter comes before the Court on Defendant's Motion To Dismiss pursuant to Rules 12(b)(1) and 12(b)(6) of the Rules of the United States Court of Federal Claims ("RCFC"). Plaintiff, Dawn Hall, a former employee of the Department of the Navy ("the Navy"), alleges that she was denied leave and pay during her service on a grand jury in violation of 5 U.S.C. § 6322(a) (2006) and of the Fifth, Sixth, Seventh, and Fourteenth Amendments to the Constitution, as well as the Privileges or Immunities Clause of Article IV and the separation of powers doctrine. She accordingly seeks reinstatement and back pay.

Defendant responds that the Civil Service Reform Act of 1978 ("CSRA"), Pub. L. No. 95-454, 92 Stat. 1111 (1978), precludes this Court from exercising subject matter jurisdiction because the Merit Systems Protection Board ("MSPB") has continuing and exclusive jurisdiction over claims stemming from the removal

of a federal employee. Defendant further argues that this Court lacks subject matter jurisdiction to consider plaintiff's Constitutional claims and that, if subject matter jurisdiction were found, plaintiff has failed to state a claim on which relief can be granted.

I.     Background

Prior to her removal, plaintiff worked for the Navy as a Computer Engineer in Ventura County, California. Compl. 1. In June 2002, plaintiff agreed to transfer to Washington, D.C., effective December 2002. Def.'s Reply, Ex. 2 at ¶ 4. Her supervisor, however, allowed her to delay the transfer until July 2003 due to the poor health of plaintiff's mother. *Id.* After the Navy honored her delay request, plaintiff completed a Prospective Grand Jury Nominee Questionnaire for the Ventura County Grand Jury ("the grand jury") and was selected to serve a year-long term of service that would begin on July 1, 2003. Pl.'s Resp., Ex. 1 at ¶ 5.

Near the end of plaintiff's grand jury term, Deputy Assistant Director Vann, the head of plaintiff's department, in a letter dated May 26, 2004, directed plaintiff to report for duty by July 14, 2004; he informed her that, if she failed to report, she would be absent without leave ("AWOL") and would have her pay suspended. Def.'s Reply, Ex. 2 at ¶ 7. After plaintiff received this letter, she volunteered for a second year-long term of grand jury service, which would begin immediately after her current term of service ended on June 30, 2004. *Id.* at ¶ 5. Plaintiff received a summons from the court to appear on July 1, 2004 for grand jury selection and was again selected to serve. *Id.*

When plaintiff failed to report for duty on July 14, 2004, the Navy designated her AWOL and suspended her pay. *Id.* at ¶ 7. The Navy again notified plaintiff on October 18, 2004 that she had been placed on AWOL status without pay due to her voluntary grand jury service. *Id.* On December 4, 2004, plaintiff appealed this decision to the MSPB. Def.'s Reply, Ex. 1 at 2. In a February 7, 2005 decision, the MSPB found that placing an employee on AWOL status was outside of its jurisdiction and dismissed the appeal. *Id.* at 3.

The Navy removed plaintiff from service on June 22, 2005 and notified her of her right to appeal to the MSPB. Def.'s Reply, Ex. 2 at ¶ 12. Plaintiff did appeal to the MSPB, but she later requested that the MSPB delay adjudication of her appeal due to a pending Office of Personnel Management ("OPM") decision regarding whether or not plaintiff was entitled to court leave under 5 U.S.C. § 6322(a) (2006). Def.'s Mot., Ex. B at 1–2. The MSPB complied with her request and dismissed the appeal without prejudice; in the dismissal, the MSPB notified plaintiff of her right to re-file the appeal within 30 days of the final OPM decision but not later than December 2, 2005. *Id.* at 2. Plaintiff did not re-file her appeal

within the time allotted by the MSPB, and OPM decided on January 12, 2006 that plaintiff was not entitled to leave because she had volunteered for jury duty. Def.'s Mot., Ex. C at 7.

Plaintiff filed the pending case with the United States Court of Federal Claims on April 20, 2009. Plaintiff seeks payment of back pay for the period during which she was placed on AWOL status, reinstatement to her position, payment for the period after she was removed, training, and attorney's fees. Compl. 5–6.

Before this Court are Defendant's Motion To Dismiss, Plaintiff's Response To Defendant's Motion To Dismiss, and Defendant's Reply Brief In Support Of Its Motion To Dismiss. Briefing was completed on July 31, 2009. On September 8, 2009, plaintiff filed a "Motion For Oral Argument Re Motion To Dismiss." In that single-paragraph motion, plaintiff simply requests an oral argument but fails to identify any reason for such a hearing. Based on the parties' briefs, the Court finds the issues in this case clear and ripe for decision; oral argument is unnecessary.[1]

## II.   Discussion

### A.   *Overview of Jurisdiction and the Standard of Review*

The Tucker Act gives this Court jurisdiction over claims "against the United States founded either upon the Constitution, or any Act of Congress . . . ." 28 U.S.C. § 1491(a)(1) (2006). That Act, however, creates no substantive rights but only "confers jurisdiction upon [this Court] whenever the substantive right exists." ***United States v. Testan***, 424 U.S. 392, 398 (1976). Thus, in order for this Court to have jurisdiction, a plaintiff must allege a violation of a substantive right that gives rise to a claim for monetary damages. ***Id.***

Defendant challenges this Court's subject matter jurisdiction to hear plaintiff's claims. A challenge to subject matter jurisdiction may be brought at any time during the proceedings. ***Rick's Mushroom Serv. v. United States***, 521 F.3d 1338, 1346 (Fed. Cir. 2008). When subject matter jurisdiction is called into question, the plaintiff bears the burden of establishing it by a preponderance of the evidence. ***Reynolds v. Army & Air Force Exch. Serv.***, 846 F.2d 746, 748 (Fed.

---

[1] Though RCFC 12(i) guarantees a party a "hearing" on Rule 12 motions, the opportunity to brief the issue in writing satisfies this requirement. *See **Thomas v. United States***, 245 Fed. Appx. 18, 19–20 (Fed. Cir. 2007). A party does not have a right to oral argument. ***Id.*** Furthermore, since plaintiff has raised no additional issues that oral argument could clarify, the time and expense of oral argument cannot be justified.

Cir. 1988). In considering a challenge to subject matter jurisdiction, a court must "assume all factual allegations to be true and . . . draw all reasonable inferences in plaintiff's favor." ***Henke v. United States***, 60 F.3d 795, 797 (Fed. Cir. 1995).

Defendant also contends that plaintiff's complaint fails to state a claim on which relief can be granted. Under the rules of this Court, a plaintiff must merely give a "short and plain statement" of the jurisdictional grounds and of her claim. RCFC 8(a)(1), (2). To survive a motion to dismiss for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" ***Ashcroft v. Iqbal***, 129 S. Ct. 1937, 1949 (2009) (quoting ***Bell Atl. Corp. v. Twombly***, 550 U.S. 544, 570 (2007)). A plaintiff satisfies this standard by "plead[ing] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." ***Ashcroft***, 129 S. Ct. at 1949. As with subject matter jurisdiction, a court must assume the truth of factual allegations and construe all reasonable inferences in favor of the plaintiff. ***United Pac. Ins. Co. v. United States***, 464 F.3d 1325, 1327–28 (Fed. Cir. 2006).

      B.    *Defendant's Challenge to Subject Matter Jurisdiction*

           1.    <u>Plaintiff Claims that the Government's Violation of 5 U.S.C. § 6322 Entitles Her to Compensation by the Government and thus Provides Subject Matter Jurisdiction for this Court</u>.

As previously discussed, the Court of Federal Claims is a court of limited jurisdiction. *See **Testan***, 424 U.S. at 398. A plaintiff must anchor its claim upon some law that mandates compensation from the government; once the plaintiff has identified such a law, the Tucker Act allows this Court to exercise jurisdiction. ***Id.*** The Supreme Court has held that "a statute creating a Tucker Act right [must] be reasonably amenable to the reading that it mandates a right of recovery in damages." ***United States v. White Mountain Apache Tribe***, 537 U.S. 465, 473 (2003); *see also **Testan***, 424 U.S. at 400 ("[T]he asserted entitlement to money damages depends upon whether any federal statute 'can fairly be interpreted as mandating compensation by the Federal Government for the damage sustained.'") (quoting ***Eastport S.S. Corp. v. United States***, 372 F.2d 1002, 1009 (Ct. Cl. 1967)).

In this case, plaintiff argues that "[t]he Act of Congress on which this action is founded is the money mandating statute for jury service or court leave with pay" at 5 U.S.C. § 6322(a) (2006).[2] Pl.'s Resp. 2. In relevant part, that

---

[2] Plaintiff also argues that the Back Pay Act, 5 U.S.C. § 5596 (2006), is a money-mandating statute when combined with an underlying violation of some statute or
continued

4

statute provides that an employee "is entitled to leave, without loss of, or reduction in, pay . . . during a period of absence with respect to which he is summoned, in connection with a judicial proceeding, by a court or authority responsible for the conduct of that proceeding, to serve . . . as a juror . . . ." 5 U.S.C. § 6322(a). No precedent or court decision has construed whether the word "summoned" covers voluntary grand jury service, and OPM relied on legislative history and statutory analysis to determine that it does not. Def.'s Mot., Ex. C at 7.

> 2. The Civil Service Reform Act of 1978 Precludes the Exercise of Subject Matter Jurisdiction Over Plaintiff's Challenge to Her Removal.

An analysis in this Court of whether or not § 6322 is a money-mandating statute is potentially unnecessary. Defendant argues that, even if the statute mandates compensation, this Court lacks jurisdiction to hear that claim because the CSRA lodges jurisdiction exclusively in the MSPB. If defendant is correct, then an analysis of whether § 6322 mandates compensation is unneeded.

The CSRA was passed as part of a "comprehensive overhaul" of the civil service system. *Muniz v. United States*, 972 F.2d 1304, 1309 (Fed. Cir. 1992). With the CSRA, Congress created "an elaborate 'new framework for evaluating adverse personnel actions against [federal employees].'" *United States v. Fausto*, 484 U.S. 439, 443 (1988) (quoting *Lindahl v. OPM*, 470 U.S. 768, 774 (1985)). Congress was dissatisfied with the "'outdated patchwork of statutes and rules,'" *Fausto*, 484 U.S. at 444 (quoting S. Rep. No. 95-969, at 3 (1978)), that governed the civil service system and replaced it with an "integrated scheme of administrative and judicial review." *Fausto*, 484 U.S. at 445.

The CSRA deprives the Court of Federal Claims of some of its jurisdiction. *Worthington v. United States*, 168 F.3d 24, 26 (Fed. Cir. 1999). Whenever the CSRA covers a contested action, the Court of Federal Claims lacks jurisdiction to hear a challenge to that action, even if it might have had jurisdiction prior to the CSRA. *Id.* at 26–27; *see also Fausto*, 484 U.S. at 454. In prior decisions, this Court has recognized its lack of jurisdiction and noted that "[t]he remedies provided by the Civil Service Reform Act are exclusive, thus this

---

regulation within this Court's jurisdiction. Pl.'s Resp. 3. In this case, plaintiff points to the violation of § 6322 as an underlying violation that allows this Court to exercise jurisdiction. The Back Pay Act is "merely derivative in application" and is "not itself a jurisdictional statute." *United States v. Connolly*, 716 F.2d 882, 887 (Fed. Cir. 1983). Since plaintiff's claim rests on § 6322 either directly or derivatively, through the Back Pay Act, a separate analysis of the Back Pay Act is unwarranted.

court may not exercise jurisdiction over claims which fall within the Act's purview." *Skirlick v. United States*, 17 Cl. Ct. 735, 741 (1989).

Not every personnel action falls within the scope of the CSRA, however, and the Federal Circuit has held that the proper method for determining the coverage of the CSRA is to look to the jurisdiction of the MSPB. *Worthington*, 168 F.3d at 26–27; *McClary v. United States*, 775 F.2d 280, 282 (Fed. Cir. 1985) (noting that "[w]here an employee is provided a means of redress under the CSRA, that is, an appeal to the Board, the employee does not have an independent cause of action in the Claims Court"). Exclusive jurisdiction rests with the MSPB for "'the types of adverse personnel action specifically *covered* by the CSRA.'" *Romero v. United States*, 38 F.3d 1204, 1211 (Fed. Cir. 1994) (quoting *Bosco v. United States*, 931 F.2d 879, 883 (Fed. Cir. 1991)).

Since this Court lacks jurisdiction when the MSPB has jurisdiction, it must be determined whether the MSPB has jurisdiction over plaintiff's claims. If it does, this case must be dismissed. The MSPB does not have plenary jurisdiction but only has jurisdiction over those adverse actions "expressly made appealable to it by law, rule or regulation." *Herman v. Dep't of Justice*, 193 F.3d 1375, 1378 (Fed. Cir. 1999). The CSRA gives the MSPB jurisdiction over several classes of actions, including "removal[s]" and "suspension[s] for more than 14 days." 5 U.S.C. § 7512 (2006). The MSPB, therefore, is the *only* body with original jurisdiction "to review removals of federal employees." *Read v. United States*, 254 F.3d 1064, 1066 (Fed. Cir. 2001). An aggrieved party can appeal MSPB decisions to the United States Court of Appeals for the Federal Circuit, not to the Court of Federal Claims. 5 U.S.C. § 7703(b)(1) (2006).

In this case, it is clear that the MSPB—and not this Court—has jurisdiction. Plaintiff contests her removal, which stemmed from plaintiff's belief that she had a right to leave with pay while serving on the grand jury, and demands back pay and reinstatement. Though there are other issues present, such as whether § 6322 covers voluntary grand jury service, plaintiff's claims spring from her removal. In this way, it is similar to a number of cases that have appeared before the United States Court of Federal Claims and the United States Court of Appeals for the Federal Circuit.

For instance, in *Dachman v. United States*, 73 Fed. Cl. 508 (2006), the plaintiff was placed on AWOL status and later removed for unacceptable conduct, and he sued the government in the Court of Federal Claims for back pay and health benefits. *Id.* at 510. That court granted the defendant's request to dismiss for lack of subject matter jurisdiction, because the court found that the "claims for back pay and health insurance benefits emanate from an underlying removal action" and thus fall within the jurisdiction of the MSPB, not of the Court of Federal Claims. *Id.* at 517.

Similarly, in ***Read v. United States***, 254 F.3d 1064 (Fed. Cir. 2001), the plaintiff was removed and then reemployed, and he brought a claim for back pay against the United States in the Court of Federal Claims. That court found that the MSPB, not the Court of Federal Claims, had jurisdiction and thus dismissed for lack of subject matter jurisdiction; the Federal Circuit affirmed because the plaintiff's "claim for back pay [was] based upon his removal." ***Id.*** at 1067.

Here, plaintiff contends that the MSPB lacked jurisdiction to hear the challenge to her removal. This appeal was the second of two appeals plaintiff brought before the MSPB. In the first appeal, plaintiff challenged the Navy's refusal to allow her court leave, and the MSPB dismissed this for lack of jurisdiction on February 7, 2005. Pl.'s Resp., Ex. 1 at ¶ 9. In the second appeal, plaintiff challenged her later removal, and the MSPB dismissed without prejudice on September 9, 2005. Plaintiff highlights this second dismissal and writes that "since the MSPB still had no jurisdiction over plaintiff's court leave claim, the Administrative Judge deferred to OPM and dismissed the refiled appeal without prejudice . . . ." Pl.'s Resp. 5. In that dismissal, the Administrative Judge noted, "If OPM finds that the appellant was entitled pursuant to statute to court leave for the entire period of time at issue in this appeal, the underlying basis for the agency's charges and the appellant's resultant removal might be obviated." Def.'s Mot., Ex. B at 2. Plaintiff asserts that this language shows that the MSPB lacked jurisdiction. Pl.'s Resp. 5.

Plaintiff's arguments are unavailing for two reasons. First, plaintiff ignores the fact that her second MSPB appeal was dismissed at her request, not due to a lack of jurisdiction. The Administrative Judge in his opinion wrote that "the appellant asked that I delay adjudication of her appeal" until after the OPM decision. Def.'s Mot., Ex. B at 1. Second, plaintiff puts too much stock in the Administrative Judge's "might be obviated" language. Plaintiff points to no reason why a favorable OPM decision would have removed jurisdiction from the MSPB. While it is doubtlessly true that a favorable decision "might . . . obviate[]" the *need* for an MSPB proceeding, the need for an appeal to the MSPB does not speak to the jurisdiction of the MSPB. For example, an OPM decision in plaintiff's favor might have prompted the Navy to correct its error and reinstate her. This would have "obviated" the need for an MSPB appeal, but it would be irrelevant to the scope of MSPB jurisdiction.[3]

---

[3] Plaintiff also discusses at length why she believes OPM's decision to be erroneous. *See* Pl.'s Resp. 6–12. The issue before this Court, however, is whether or not the MSPB has jurisdiction over plaintiff's claim. As our appellate court has noted, "[I]f the Reform Act gave the Board jurisdiction over a claim involving a specified subject matter or category of employee, the Claims Court [has] no jurisdiction over that claim under the Back Pay Act—even though in the
continued

Thus, the CSRA and judicial precedent prevent this Court from exercising jurisdiction over plaintiff's claims based on the Back Pay Act and 5 U.S.C. § 6322. Defendant's Motion to Dismiss those claims for lack of subject matter jurisdiction should be sustained.

### 3. Plaintiff's Constitutional Claims are Insufficient to Provide Subject Matter Jurisdiction in this Court.

Plaintiff has alleged numerous Constitutional violations, none of which are sufficient to support subject matter jurisdiction in this Court. In her complaint and brief, plaintiff asserts that defendant has violated the Fifth, Sixth, Seventh, and Fourteenth Amendments to the Constitution, as well as the Privileges or Immunities Clause of Article IV and the separation of powers doctrine. *See* Compl. 4; Pl.'s Resp. 13. In particular, plaintiff argues that defendant violated her due process rights by denying her court leave and compensation and her equal protection rights by allowing others to serve as jurors. Pl.'s Resp. 14–15. Defendant responds that these claims are insufficient to establish jurisdiction in this Court.

This Court does not have unfettered discretion to hear any Constitutional claims that a party might raise. As with statutory provisions, a Constitutional provision must mandate the payment of money to a plaintiff in order for it to fall within this Court's jurisdiction. *See **United States v. Testan***, 424 U.S. 392, 400 (1976). The provision identified must be "reasonably amenable to the reading that it mandates a right of recovery in damages." ***United States v. White Mountain Apache Tribe***, 537 U.S. 465, 473 (2003).

None of the provisions that plaintiff cites mandate compensation from the government. The United States Court of Appeals for the Federal Circuit has held that this Court does not have jurisdiction over Fifth Amendment due process claims. ***Crocker v. United States***, 125 F.3d 1475, 1476 (Fed. Cir. 1997); *see also **Burns v. United States***, 20 Cl. Ct. 758, 762 (1990) (finding no jurisdiction for due process claims). The Federal Circuit has also found the Equal Protection Clause and separation of powers doctrine to be insufficient to establish this Court's jurisdiction. ***LeBlanc v. United States***, 50 F.3d 1025, 1028 (Fed. Cir. 1995); *see also **Burns***, 20 Cl. Ct. at 762 ("[E]qual protection claims are . . . beyond the jurisdiction of this court."). Furthermore, no language in the Sixth or Seventh Amendments suggests any right to compensation from the government, and decisions of this Court confirm that reading. *See **Milas v. United States***, 42 Fed. Cl. 704, 710, *aff'd* 217 F.3d 854 (Fed. Cir. 1999) (finding the Sixth Amendment

---

particular case the employee could not assert the claim before the Board." ***Read***, 254 F.3d at 1067.

insufficient to support jurisdiction); *Webster v. United States*, 74 Fed. Cl. 439, 444 (2006) (finding the Seventh Amendment insufficient to support jurisdiction).

This Court does have jurisdiction over takings claims brought under the Fifth Amendment. *See Murray v. United States*, 817 F.2d 1580, 1583 (Fed. Cir. 1987). Plaintiff has not, however, alleged a taking. Plaintiff must show subject matter jurisdiction by a preponderance of the evidence. **Reynolds v. Army & Air Force Exch. Serv.**, 846 F.2d 746, 748 (Fed. Cir. 1988). This Court will not construe plaintiff's complaint and brief as asserting a takings claim when plaintiff has not raised this issue herself. Furthermore, such a claim would likely be unsuccessful. The Federal Circuit has held that, for a takings claim, a plaintiff must allege that the government "took a private property interest for a public use without just compensation." *Adams v. United States*, 391 F.3d 1212, 1218 (Fed. Cir. 2004). That court has also held that "a statutory right to be paid money, at least in the context of federal employee compensation and benefit entitlement statutes, is not a property interest for purposes of the Takings Clause." *Id.* at 1225.

Plaintiff has not met her burden of establishing jurisdiction. Since she has failed to meet this burden, her complaint is dismissed for lack of jurisdiction without considering defendant's argument that plaintiff has failed to state a claim on which relief can be granted. *See Skirlick v. United States*, 17 Cl. Ct. 735, 741 n.6 (1989) (declining to address additional questions of law once jurisdiction is found to be lacking).

III. <u>Conclusion</u>

For the above stated reasons, Plaintiff's "Motion For Oral Argument Re Motion To Dismiss" is DENIED. Defendant's Motion To Dismiss is GRANTED. This case is hereby DISMISSED, and the Clerk shall act accordingly. No costs.

IT IS SO ORDERED.

<u>s/Bohdan A. Futey</u>
**BOHDAN A. FUTEY**
**Judge**