# UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

**NOTICE OF ENTRY OF
JUDGMENT ACCOMPANIED BY OPINION**

OPINION FILED AND JUDGMENT ENTERED: 08/27/10

The attached opinion announcing the judgment of the court in your case was filed and judgment was entered on the date indicated above. The mandate will be issued in due course.

Information is also provided about petitions for rehearing and petitions for rehearing en banc. The questions and answers are those frequently asked and answered by the Clerk's Office.

Costs are taxed against the Appellee(s) under Rule 39. The party entitled to costs is provided a bill of costs form and an instruction sheet with this notice.

The parties are encouraged to stipulate to the costs. A bill of costs will be presumed correct in the absence of a timely filed objection.

Costs are payable to the party awarded costs. If costs are awarded to the government, they should be paid to the Treasurer of the United States. Where costs are awarded against the government, payment should be made to the person(s) designated under the governing statutes, the court's orders, and the parties' written settlement agreements. In cases between private parties, payment should be made to counsel for the party awarded costs or, if the party is not represented by counsel, to the party pro se. Payment of costs should not be sent to the court. Costs should be paid promptly.

If the court also imposed monetary sanctions, they are payable to the opposing party unless the court's opinion provides otherwise. Sanctions should be paid in the same way as costs.

Regarding exhibits and visual aids: Your attention is directed to FRAP 34(g) which states that the clerk may destroy or dispose of the exhibits if counsel does not reclaim them within a reasonable time after the clerk gives notice to remove them. (The clerk deems a reasonable time to be 15 days from the date the final mandate is issued.

JAN HORBALY
Clerk

cc: Richard A. Regnier
Elizabeth A. Speck

HALL V US, 2010-5021
CFC, 09-CV-239

DISTRICT JUDGE'S COPY

# United States Court of Appeals for the Federal Circuit

---

DAWN HALL,
*Plaintiff-Appellant,*

v.

UNITED STATES,
*Defendant-Appellee.*

---

2010-5021

---

Appeal from the United States Court of Federal Claims in 09-CV-239, Senior Judge Bohdan A. Futey.

---

Decided: August 27, 2010

---

RICHARD A. REGNIER, Law Offices of Richard A. Regnier, of Camarillo, California, argued for plaintiff-appellant.

ELIZABETH A. SPECK, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, argued for defendant-appellee. With her on the brief were TONY WEST, Assistant Attorney General, JEANNE E. DAVIDSON, Director, FRANKLIN E. WHITE, JR, Assistant Director, and STEVEN J. GILLINGHAM, Assistant Director.

---

Before RADER, *Chief Judge*, LOURIE and BRYSON, *Circuit Judges*.

BRYSON, *Circuit Judge*.

In this case we address whether the Court of Federal Claims has jurisdiction over a particular federal employee pay claim or whether jurisdiction over that claim resides exclusively in the Merit Systems Protection Board ("MSPB"). The underlying dispute is whether the employee was entitled to be paid for time spent on jury duty, instead of being placed on absent without leave ("AWOL") status and being denied pay for that time. The Court of Federal Claims held that because the employee was ultimately removed based on the AWOL charge, the MSPB had exclusive jurisdiction over the employee's pay claim. We hold that the Court of Federal Claims had jurisdiction over the employee's pay claim and that the fact that the employee was ultimately removed from her position did not deprive the court of jurisdiction over her claim for pay that accrued prior to her removal.

I

Dawn Hall was hired as an engineer for the Navy in 1984 and was stationed in California. In June 2002, she agreed to transfer to Washington, D.C., but she was allowed to delay the transfer until July 2003 due to the poor health of her mother. In March 2003, Ms. Hall submitted an application to serve as a grand juror for the Ventura County Superior Court in California. She was selected to serve a one-year term beginning on July 1, 2003. During that year, the Navy paid Ms. Hall in accordance with 5 U.S.C. § 6322, which entitles federal employees to take court leave without any loss in pay.

On May 26, 2004, the Navy directed Ms. Hall to report for duty in Washington, D.C., no later than July 14,

2004. Meanwhile, Ms. Hall was also asked by the presiding judge of the Ventura County Superior Court if she would volunteer to stay for a second year and serve as the foreman of the grand jury. Ms. Hall then contacted the Office of Personnel Management ("OPM") seeking advice as to whether her employer could direct her not to serve on the grand jury.

On June 28, 2004, Ms. Hall informed the Navy by letter that she would be serving an additional year on the grand jury. She stated, "In my recent contact with OPM I was informed that as a summoned and sworn juror I am entitled to court leave (5 U.S.C. 6322). I was also informed that the employer cannot super[s]ede this entitlement by 'directing' or 'ordering' an employee not to serve on a jury." On July 1, 2004, Ms. Hall was sworn in for her second year of grand jury service.

Shortly thereafter, the Navy placed Ms. Hall on AWOL status and suspended her pay. Ms. Hall appealed the agency's action to the MSPB in December 2004, but the MSPB dismissed the appeal for lack of jurisdiction, explaining that placement of an employee on AWOL status is not within the limited set of adverse personnel actions that are appealable to the MSPB.

In March 2005, shortly after the MSPB issued its decision, Ms. Hall applied to OPM for a determination as to whether she was entitled to court leave under section 6322(a). On June 29, 2005, while her request to OPM was pending, the Navy removed Ms. Hall from her position. The stated grounds for removal were (1) failure to report for duty as directed, (2) failure to obey a proper order from a supervisor, and (3) multiple days of absence without leave. Ms. Hall timely appealed her removal to the MSPB, but she then moved to delay adjudication of the appeal pending the outcome of the OPM proceeding. The

MSPB granted her motion and dismissed her case without prejudice, with the instruction that "the appellant may refile her appeal within 30 days after the date of receipt of a final OPM decision regarding her pending claim of entitlement to court leave, but in no event . . . later than December 2, 2005."

OPM issued its decision on January 12, 2006, finding that Ms. Hall was not entitled to court leave. OPM interpreted section 6322(a) to apply only in the case of a compulsory summons. Because Ms. Hall's jury service was voluntary, OPM concluded that she was not "summoned" to serve as a juror within the meaning of section 6322(a). Ms. Hall did not re-file her appeal with the MSPB following the issuance of the OPM decision.

More than three years later, Ms. Hall filed this action in the Court of Federal Claims, seeking back pay for the pre-removal period during which she was still employed but was designated as being on AWOL status. She also sought ancillary relief in the form of reinstatement and post-removal back pay. The court dismissed the action for lack of jurisdiction, noting that the Civil Service Reform Act ("CSRA") places disputes regarding removal actions within the exclusive jurisdiction of the MSPB, and stating that all of Ms. Hall's claims stemmed from her removal. Ms. Hall appeals from that decision. She asserts that her claims are not based on the removal action but are based instead on section 6322(a) and the Back Pay Act, 5 U.S.C. § 5596.

II

It is well established that the Court of Federal Claims lacks jurisdiction over personnel actions that are covered by the CSRA. *See United States v. Fausto*, 484 U.S. 439, 449 (1988). The CSRA, however, does not encompass every adverse personnel action against a federal em-

ployee, and therefore does not preempt all employee pay claims that would otherwise be within the jurisdiction of the Court of Federal Claims. In determining whether the Court of Federal Claims has jurisdiction over a federal employee's claim for pay arising from an adverse personnel action, the threshold question is whether the CSRA "'covers' [the challenged] action." *Worthington v. United States*, 168 F.3d 24, 26 (Fed. Cir. 1999); *Romero v. United States*, 38 F.3d 1204, 1211 (Fed. Cir. 1994) ("*Fausto* holds that the CSRA provides 'the only means of review as to the types of adverse personnel action specifically *covered* by the CSRA.'") (citations omitted). If the CSRA does not deprive the Court of Federal Claims of jurisdiction over a particular dispute, we proceed to the standard jurisdictional inquiry under the Tucker Act, 28 U.S.C. § 1491, which considers whether the claimant has identified a source of substantive law that creates a right to money damages. *See Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005).

The types of personnel actions encompassed by the CSRA are those based on:

> [1] unacceptable job performance, 5 U.S.C. § 4303, [2] prohibited personnel practices such as "unlawful discrimination, coercion of political activity, nepotism, and reprisal against so-called whistleblowers," 5 U.S.C. §§ 2301-02, [3] minor adverse personnel actions such as a suspension for 14 days or less, 5 U.S.C. § 7502, and [4] major adverse personnel actions such as "a removal; a suspension for more than 14 days; a reduction in grade; a reduction in pay; and a furlough of 30 days or less," 5 U.S.C. § 7502.

*King v. United States*, 81 Fed. Cl. 766, 771 (2008) (internal citations omitted). That list does not encompass the denial of pay for periods in which the employee is deemed to be AWOL. *See Perez v. Merit Sys. Prot. Bd.*, 931 F.2d 853 (Fed. Cir. 1991); *Rose v. Dep't of Health & Human Servs.*, 721 F.2d 355 (Fed. Cir. 1983).

The government acknowledges that denial of pay because of AWOL status is not an adverse personnel action covered by the CSRA and that, but for the removal action, the Court of Federal Claims would have had jurisdiction over Ms. Hall's claim. The government asserts, however, that the removal action deprived the court of jurisdiction over the claim because Ms. Hall's back pay claim is "inextricably intertwined with her removal from Federal Service based upon her AWOL status." Appellee's Br. 10. A ruling as to the legitimacy of the AWOL determination, the government argues, would decide the legitimacy of the removal action, which is a matter committed to the exclusive jurisdiction of the MSPB.

The difficulty with the government's position is that Ms. Hall's claim for money damages pursuant to section 6322(a) became ripe as soon as she was placed on AWOL status and deprived of pay. That claim did not arise from or turn on her removal from service. Nor did the fact of her removal, once it occurred, change any aspect of her claim to pre-removal pay. *Cf. Read v. United States*, 254 F.3d 1064, 1067 (Fed. Cir. 2001) (Jurisdiction is lacking when a plaintiff's "claim for back pay is based upon his removal from his job, since it was that action that resulted in the termination of his pay."). Only the ancillary claims for reinstatement and post-removal back pay were predicated on the removal action. As to those ancillary claims, we agree with the Court of Federal Claims that it lacked jurisdiction. But as to the pre-removal claim for back pay, we take a different view. We hold that the

Court of Federal Claims had jurisdiction over that claim and that the court's jurisdiction did not evaporate when the agency removed Ms. Hall.

Contrary to the government's position, an adjudication of the section 6322(a) claim would not necessarily resolve the removal issue. As an initial matter, the removal was a separate personnel action, and Ms. Hall was not required to challenge it in order to prosecute her claim for pre-removal back pay. While reinstatement is a necessary precondition for an employee to be entitled to post-removal back pay, it is not a precondition for an award of pre-removal back pay. Thus, if the agency violated Ms. Hall's rights under section 6322(a) and unlawfully denied her compensation for the days she was engaged in jury service, she was not required to seek reinstatement in order to obtain relief for that denial of compensation. *See Bell v. United States*, 23 Cl. Ct. 73, 77 (1991) (finding jurisdiction where plaintiffs claimed entitlement to severance pay without contesting the merits of their separation).

Even if Ms. Hall were to appeal the removal action before the MSPB, the outcome of that appeal would not necessarily resolve the merits of her section 6322(a) claim. For example, if the MSPB felt that removal was improper because Ms. Hall's interpretation of section 6322(a) was reasonable, it could grant reinstatement even if it concluded that the AWOL charge was valid.. Conversely, the MSPB could deny reinstatement even if it found the AWOL charge to be erroneous, e.g., on the ground that her conduct in dealing with her supervisors regarding the AWOL issue was inappropriate.

More importantly, even if the MSPB were to overturn the AWOL charge and rule in Ms. Hall's favor, it would be unable to award her the pre-removal pay she would have

received absent the AWOL charge. In *Mattern v. Department of the Treasury*, 291 F.3d 1366 (Fed. Cir. 2002), we held that the MSPB's "power to make an aggrieved employee whole under the Back Pay Act extends back only to the effective date of the [appealable] adverse action." *Id.* at 1371. Because the only appealable adverse action in this case is the removal action, the MSPB would be powerless to award any pre-removal back pay to Ms. Hall.[1] For that reason as well, it is incorrect to say that Ms.

---

[1] In a supplemental brief submitted after oral argument, the government has attempted to distinguish *Mattern* on the ground that the MSPB would have been authorized to grant Ms. Hall relief on her pre-removal pay claim, because she was appealing from a denial of "basic pay," and not "additional pay" such as availability pay, overtime pay, or premium pay. *See* 5 U.S.C. § 7512. That distinction is contrary to the position taken by both the MSPB and this court in *Mattern*. The MSPB ruled in *Mattern* that the Board was authorized to award back pay "only to the extent that an employee lost pay *as a result of* an action the Board, acting within its jurisdiction, found unjustified or unwarranted," e.g., a removal action. *Mattern v. Dep't of the Treasury*, 88 M.S.P.R. 65, 70 (2001) (emphasis added). Pay lost prior to a removal action, whether premium pay or basic pay, is not lost "as a result of" the removal. On appeal in that case, we likewise noted that because pre-removal actions—such as placement on administrative leave or reassignment to restricted duty—are not "adverse actions" within the scope of the CSRA, they are not "remediable by the Board under the Back Pay Act." *Mattern*, 291 F.3d at 1370.

To the extent that the government means to suggest that an AWOL charge that results in the denial of pay is a "reduction in pay" that is directly actionable in the MSPB, that position would be contrary to the position the government has repeatedly and successfully advocated in prior cases. *See, e.g., Perez*, 931 F.2d at 855; *Lawson v. Dep't of Heath & Human Servs.*, 64 M.S.P.R. 673, 680 (1994) ("reduction in pay" means "reduction in basic rate of pay"); *In re Doyle*, 41 M.S.P.R. 31, 34 (1989).

Hall's claim for court leave is "inextricably intertwined" with her removal from federal service.

The government relies heavily on *Dachman v. United States*, 73 Fed. Cl. 508 (2006), *aff'd*, 230 F. App'x 981 (Fed. Cir. 2007), in arguing that the Court of Federal Claims loses jurisdiction over a back pay claim arising from a charge of AWOL if the employee is subsequently removed based on the AWOL charge. Like Ms. Hall, Dr. Dachman contested her placement on AWOL prior to her removal, and she sought both pre-removal and post-removal back pay in an action brought in the Court of Federal Claims. The government sought to dismiss the case for lack of jurisdiction, asserting that the claims for back pay arose directly from the agency's decision to remove Dr. Dachman from federal service. The Court of Federal Claims simply adopted the government's representation that all of Dr. Dachman's claims for back pay, both pre-removal and post-removal, "emanate[d] from an underlying removal action." *Id.* at 517. For the reasons outlined above, however, we find the premise of that decision to have been mistaken, and we therefore do not agree with the court's disposition in that case.

Having determined that the CSRA does not preclude the Court of Federal Claims from exercising jurisdiction in this case, we turn to the question whether Ms. Hall has identified a money-mandating source within the meaning of the Tucker Act. Ms. Hall met that burden by alleging that compensation of her forfeited pre-removal pay is mandated by the Back Pay Act based on a violation of section 6322(a). *See Worthington*, 168 F.3d at 26 ("The Back Pay Act is . . . a 'money-mandating' statute when based on violations of statutes or regulations covered by the Tucker Act."). We conclude that the Court of Federal Claims has jurisdiction to determine whether Ms. Hall was entitled to paid leave under section 6322(a). Accord-

ingly, we remand for a determination on the merits of that claim.

**REVERSED AND REMANDED**